755 P.2d 1151

The STATE of Arizona,
Appellee/Respondent,

v.

Jeffrey Don ALLEN,
Appellant/Petitioner.

Nos. 2 CA–CR 4376, 2 CA–CR
4695–2PR.

Court of Appeals of Arizona,
Division 2, Department A.

Feb. 26, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Diane M. Ramsey, Phoenix, for appellee/respondent.

D. Jesse Smith, Tucson, for appellant/petitioner.

## OPINION

HOWARD, Presiding Judge.

Convicted by a jury of child molestation, the defendant was sentenced to the presumptive sentence of seven years' imprisonment.

The victim is a six-year-old girl. Her history prior to meeting the defendant is not a happy one. Her father began beating her when she was about three years old, and he also constantly beat his wife, the victim's mother, in front of the child. Not only did the father beat the child, but he also tortured her and finally kidnapped her. There were also indications that the father may have sexually molested the child. The victim's parents are not now married, and at the time of this trial the victim's father was in prison.

The defendant was a friend of the victim's mother and had been sexually intimate with her although they had not known each other long. He acted as a babysitter for the child and this molestation occurred when he was babysitting.

The facts of the molestation are irrelevant to the issues raised by the defendant and we need not discuss them. Prior to trial the court conducted a hearing pursuant to A.R.S. § 13–1416 to determine whether certain statements made by the victim would be admissible at trial. After the hearing, having determined, without any opposition by the defendant, that the

child was unavailable as a witness, the trial court ruled that the statements were admissible.

■ The defendant first contends that there was no evidence that the child was "unavailable" and that the court therefore erred in admitting her statements. The admissibility of the victim's statements are governed by § 13–1416(A):

"A. Except as otherwise provided in title 8, a statement made by a minor who is under the age of ten years describing any sexual offense performed with or on the minor by another person or any act of physical abuse of the minor, which is not otherwise admissible by statute or court rule, is admissible in evidence in any criminal or civil proceeding if both of the following are true:

1. The court finds, in an in camera hearing, that the time, content and circumstances of the statement provide sufficient indicia of reliability.

2. Either of the following is true:

(a) The minor testifies at the proceedings.

(b) The minor is *unavailable* as a witness, provided that if the minor is unavailable as a witness, the statement may be admitted only if there is *corroborative evidence of the statement.*" (Emphasis added.)

We first note that the unavailability of the child was never contested and this argument has been waived.[1] See *State v. Vickers*, 129 Ariz. 506, 633 P.2d 315 (1981); see also *State v. Thompson,* 146 Ariz. 552, 707 P.2d 956 (App.1985) (the right to object to testimony which violates the right of confrontation guaranteed by the Sixth Amendment to the United States Constitution can be waived by failure to object.)

Defendant next contends that there was no corroborative evidence that he was the one who committed the molestation. A.R.S. § 13–1416(A)(2)(b) requires "corroborative evidence of the statement." Thus, if the victim says that she was molested in the defendant's apartment by the defendant, there must be evidence separate and apart from the victim's statements which tend to affirm that the molestation complained of occurred and that the defendant was the molester.

■ Before turning our attention to the facts which corroborate the victim's statement we are well aware that the trial court in this case was first obliged to find under A.R.S. § 13–1416(A)(1) that the statement was reliable. This finding is separate and distinct from the corroboration required under paragraph (A)(2)(b) of the statute. However, this does not mean that there cannot be an overlapping of the factors—a fact or circumstance which indicates reliability may also tend to corroborate the statement.

■ Here, the victim first incriminated the defendant while riding in a car with her mother after seeing a film strip about sexual abuse entitled "Penelope Mouse," which is designed especially for young children. Her mother told her that if anyone ever touched her in a bad way, as happened in the film strip, she should tell her. The victim said that "[T]hey already did" and mentioned the defendant and two others. She then told her mother what happened when the defendant was babysitting her at his apartment. Her statement that she had already been molested was unsolicited and tends to corroborate the molestation. In addition, it was uncontradicted that the defendant did babysit her at his apartment. There was also expert testimony by the victim's therapist, who had had an opportunity to observe her in frequent sessions, that the child had been sexually abused. Finally, on the day the victim told her mother about the sexual abuse, her mother called the defendant on the telephone. When she told him that the child had accused him of molesting her, the defendant did not deny the allegations but only stated "Oh, fuck." We believe these facts and circumstances provide the corroborative evidence required by the statute.

Finally, the defendant contends that the trial court erred in allowing into evidence certain testimony from two child abuse

---

1. The defendant's attorney on appeal did not try    this case.

counselors. One testified, without objection, that three percent of child abuse claims are false. The other counselor stated, in an unresponsive answer, that she believed that the victim was molested by her father and then "remolested." The defendant did not object to this evidence, or move to strike it, or move for a mistrial. Defendant contends in his opening and reply briefs that he objected to these statements, but the objection was not on the ground he now asserts on appeal. There was an objection below as to the foundation laid to permit these witnesses to testify as expert witnesses, but there was never any other objection to these statements. Absent fundamental error, the failure to object waives the right to assert the matter on appeal. *State v. De Nistor*, 143 Ariz. 407, 694 P.2d 237 (1985). If there was error here it was not fundamental error, and the defendant has waived any right to review of this alleged error.

Affirmed.

HATHAWAY, C.J., and FERNANDEZ, J., concur.